UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
YESSUH SUHYES HUSSEY,

               Plaintiff,                            **MEMORANDUM & ORDER**
                                                        23-CV-2752 (PKC)

        -against-

MATTHEW D'EMIC *et al.*,

               Defendants.
----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

       Plaintiff Yessuh Suhyes Hussey, a serial filer, filed this *pro se* action on April 10, 2023, pursuant to 42 U.S.C. § 1983.  On April 25, 2023, Plaintiff filed an amended complaint.  Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted.  For the reasons discussed below, the Amended Complaint is dismissed.

### DISCUSSION

       Plaintiff has filed at least 60 cases in recent months, including 43 cases on the same day. Plaintiff brings this action alleging that from August 4, 2022 to January 17, 2023, he was wrongfully held at the Otis Bantum Correctional Center ("OBCC") and the Anna M. Kross Center ("AMKC") on Rikers Island past his purported release date.  (Am. Compl., Dkt. 5, at 4.)  Plaintiff seeks money damages.  *Id.* at 5.  Plaintiff's allegations in this case are essentially the same allegations as in another action he filed on the same day, *Hussey v. Biben*, No. 23-CV-2770 (PKC), though against different defendants.  That case was transferred to the United States District Court for the Southern District of New York on May 25, 2023.  Plaintiff will have the opportunity to litigate his claims in his other action and no purpose would be served by the litigation of this essentially duplicative action.  Therefore, this matter is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**DENIAL OF LEAVE TO AMEND**

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once. . . ."); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, *3 (2d Cir. Sept. 15, 2022) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, the Court concludes that granting further leave to amend would be futile and declines to do so.

**FILING INJUNCTION WARNING**

The federal courts have limited resources. Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted).

Plaintiff is warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

**CONCLUSION**

Accordingly, the Amended Complaint is dismissed without prejudice to the litigation pending in the Southern District of New York (*see* No. 23-CV-04381).  28 U.S.C. § 1915(e)(2)(B).  The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Memorandum and Order to Plaintiff.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 12, 2023
        Brooklyn, New York